IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U.S. BEVERAGE, INC., *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-1071-MEF |
| | ) |
| SUPREME, L.L.C., *et al.*, | ) (WO - DO NOT PUBLISH) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendant Supreme Manufacturing Company, Inc. ("Supreme Manufacturing") removed this case from the Circuit Court of Montgomery County, Alabama ("Montgomery Circuit Court"). (Doc. #1). It was docketed in this Court as case number 09-cv-1071. The plaintiffs U.S. Beverage, Inc. ("U.S. Beverage"), Grady Dowling Kittrell ("Kittrell"), and Thomas Going Clark, III ("Clark") jointly filed a motion to remand. (Doc. #2). All defendants oppose this motion. (Doc. #23). For the reasons set forth in this Memorandum Opinion and Order, the motion to remand will be GRANTED.

### II. PROCEDURAL BACKGROUND

**A.  *Supreme Manufacturing v. U.S. Beverage,* et al.**

On October 15, 2008, Supreme Manufacturing sued U.S. Beverage, Kittrell, and Clark for breach of contract in a diversity action in this Court, docketed as case number 08-cv-832

-1-

("08cv832"). (08cv832 Doc. #1). On February 25, 2009, U.S. Beverage, Kittrell, and Clark filed a counterclaim, bringing nine counts against Supreme Manufacturing: (1) false labeling in violation of the Lanham Act, (2) false advertising in violation of the Lanham Act, (3) breach of contract, (4) breach of express warranty, (5) breach of implied warranty of merchantability, (6) breach of implied warranty of fitness for a particular purpose, (7) fraud, (8) negligent misrepresentation, and (9) unjust enrichment.[1] (08cv832 Doc. #18).

On June 8, 2009, U.S. Beverage filed its Suggestion of Bankruptcy, stating that it had filed a petition for relief under Chapter 11 of United States Code Title 11 ("Chapter 11") in the United States Bankruptcy Court for the Middle District of Alabama, and therefore, 08cv832 "is stayed by the operation of Title 11 U.S.C. § 362 as to" U.S. Beverage. (08cv832 Doc. #27). Supreme Manufacturing responded, arguing that the Court should dismiss U.S. Beverage without prejudice. (08cv832 Doc. #29). The Court agreed and dismissed U.S. Beverage without prejudice from 08cv832 on June 25, 2009. (08cv832 Doc. #30). The Court noted that any party may petition to reinstate U.S. Beverage within sixty days after any action taken by the Bankruptcy Court entitling that party to seek reinstatement. *Id.*

On June 30, 2009, U.S. Beverage moved for the Court to reinstate it as a party to

---

[1] Supreme Manufacturing moved to strike this counterclaim, arguing that the counts were all compulsory counterclaims filed out-of-time without leave of court. (08cv832 Doc. #19). The Court found that the counterclaims were not compulsory and denied Supreme Manufacturing's motion. (08cv832 Doc. #25). Furthermore, the Court noted that, even if the counterclaims were compulsory, it would still allow the defendants to amend their pleadings under Federal Rule of Civil Procedure 13(f) (since abrogated) "to prevent multiplicity of lawsuits and promote judicial efficiency." *Id.*

pursue its counterclaims against Supreme Manufacturing. (08cv832 Doc. #32). U.S. Beverage also asked the Court to refer all of 08cv832 to the Bankruptcy Court handling its petition for relief under Chapter 11. (08cv832 Doc. #33). Supreme Manufacturing opposed both motions but only substantively opposed the motion to refer 08cv832 to the Bankruptcy Court, arguing that bankruptcy courts should not hear Lanham Act claims. (08cv832 Doc. #38). The Court ordered a status conference for September 4, 2009 to discuss the matter with the parties. (08cv832 Doc. #39).

Following the status conference, the Court issued an order requiring each party to file a status report. (08cv832 Doc. #40). The Court asked the parties to discuss the possibility of amending the scheduling order to allow more time for amending pleadings, adding parties, and litigating all claims in 08cv832 in this Court, including those brought by and against U.S. Beverage. *Id.* The Court noted that any claims against U.S. Beverage and counterclaims by U.S. Beverage in this Court "would not proceed to collection. Upon resolution of this case to a sum certain, the claims involving U.S. Beverage, Inc. would be referred to" the Bankruptcy Court. *Id.*

Supreme Manufacturing argued in its status report that all claims in 08cv832 should proceed in this Court, adding that "[a]ny other claims that U.S. Beverage, Inc. or its owners Grady Kitrell [sic] and Tom Clark can assert against Supreme Manufacturing, Inc., its wholly owned subsidiary Supreme, LLC, or any other business associates arises out of the business relationship and transactions that form the basis of this lawsuit." (08cv832 Doc. #42). U.S.

Beverage, Kittrell, and Clark argued that all claims in 08cv832 should be reinstated and stayed pending the final outcome of the bankruptcy proceedings. (08cv832 Doc. #41). They added that U.S. Beverage had "significant additional claims" against Supreme Manufacturing, Supreme, L.L.C. ("Supreme"), and others "discovered after this case was filed." *Id.*  They, however, stated that U.S. Beverage believed "that these claims do not arise from a common nucleus of operative facts with the claims at issue in" 08cv832. *Id.*  Instead, "[t]hese additional claims relate to an overall course of action by several parties to destroy the business of U.S. Beverage and improperly seize property of U.S. Beverage, both before and after the filing of the bankruptcy petition." *Id.*  U.S. Beverage intended "to bring these causes of action in Alabama State Courts and in the Bankruptcy Court." *Id.*

On October 19, 2009, the Bankruptcy Court ordered a modification of the stay in 08cv832, allowing both the claims against U.S. Beverage and counterclaims brought by U.S. Beverage to proceed in this Court "other than for enforcement of any money judgment" against U.S. Beverage. (08cv832 Doc. #43-1). On October 28, 2009, this Court granted U.S. Beverage's motion to reinstate it as a party (08cv832 Doc. #32) only to the extent that U.S. Beverage was reinstated as a party; the motion was denied in all other respects. (08cv832 Doc. #43). The Court denied U.S. Beverage's motion to refer 08cv832 to the Bankruptcy Court (08cv832 Doc. #33). *Id.*  The Court also denied the motion to stay in the status report filed by U.S. Beverage, Kittrell, and Clark (08cv832 Doc. #41). *Id.*  Finally, the Court granted the motion from Supreme Manufacturing's status report (08cv832 Doc. #42) to

proceed with all claims in 08cv832 in this Court. *Id.* On November 6, 2009, the Court entered an Amended Scheduling Order so 08cv832 could proceed. (08cv832 Doc. #45). No further filings have occurred in 08cv832.

### B. *U.S. Beverage,* et al. *v. Supreme,* et al.

On or about October 19, 2009, U.S. Beverage, Kittrell, and Clark (collectively, "Plaintiffs") filed this lawsuit in Montgomery Circuit Court. (Doc. #1-3). Plaintiffs brought claims against Supreme, Supreme Manufacturing, John Walker, Patrick Walker, Tom Broadway ("Broadway"), Ben Carter ("Carter"), Trident Beverage, Inc. ("Trident"), Juice Alive, Inc. ("Juice Alive"), and other unnamed defendants (collectively, "Defendants"). *Id.* Plaintiffs brought seven counts, all under state law: (1) defamation and business disparagement; (2) tortious interference with contractual and business relations; (3) conversion/theft by deception; (4) fraud, misrepresentation, and deceit; (5) civil conspiracy; (6) breach of contract/violation of non-compete agreement; and (7) theft and bribery to acquire proprietary information. *Id.*

Supreme Manufacturing timely[2] removed this suit to this Court pursuant to 28 U.S.C. § 1441 and 1446. (Doc. #1). All Defendants consented to this removal. (Doc. #1-1). Plaintiffs moved to remand. (Doc. #2).

### III. DISCUSSION

Supreme Manufacturing claims that removal is proper because the claims brought by

---

[2] Supreme Manufacturing was served Plaintiffs' complaint on October 26, 2009. (Doc. #1-3). It filed its notice of removal on November 23, 2009. (Doc. #1). *See* 28 U.S.C. § 1446(b).

Plaintiffs are compulsory counterclaims to the breach of contract claim brought by Supreme Manufacturing in 08cv832. (Doc. #1). Supreme Manufacturing further argues that this Court has supplemental jurisdiction over Defendants and these claims. *Id.* Plaintiffs dispute both assertions.

Both sides miss the point. This case consists of non-diverse state law claims. Therefore, the Court only has jurisdiction through consolidation with 08cv832 and the exercise of supplemental jurisdiction. The twist here is that Plaintiffs are defendants in 08cv832. In 08cv832, the Court allowed motions to amend pleadings and add parties until January 19, 2010. (08cv832 Doc. #45). Plaintiffs chose not to move to amend their pleadings to add these claims as counterclaims in 08cv832. In fact, they actively decided against filing these claims as counterclaims in 08cv832 by filing them instead in Montgomery Circuit Court. Supreme Manufacturing, Plaintiffs' opponent in 08cv832, cannot move to amend the other side's pleadings, which it constructively did by filing its notice of removal on November 23, 2009, before the deadline for amending pleadings.

If, as Supreme Manufacturing argues, these claims are compulsory counterclaims to its breach of contract claim in 08cv832, Plaintiffs are playing a dangerous game. By choosing to bring them in a separate action, Plaintiffs will have waived these claims entirely. Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counterclaim" any compulsory counterclaims.); *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir. 2002) (stating that compulsory counterclaims which are not brought are "thereafter barred")

(quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)), *abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010). However, that is a question for the Montgomery Circuit Court. This Court will not use its supplemental jurisdiction to pull claims from state court for the purpose of determining if they are barred as compulsory counterclaims not brought in a separate federal lawsuit. *See* 28 U.S.C. § 1367(c)(4) (stating that a district court may decline to exercise supplemental jurisdiction when there are "compelling reasons" to do so); 28 U.S.C. § 1367(b) (stating that a district court, in a diversity action, does not have supplemental jurisdiction "over claims by persons proposed to be joined as plaintiffs under [Federal Rule of Civil Procedure] 19" when that would destroy diversity).

## IV. CONCLUSION

For the reasons given above, it is hereby ORDERED that the motion to remand (Doc. #2) is GRANTED. This case is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk is DIRECTED to take appropriate steps to effect the remand.

It is further ORDERED that Plaintiffs' Motion for Scheduling Conference (Doc. #26) is DENIED as moot.

DONE this the 6th day of August, 2010.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE